Before: GRABER, FISHER, and BERZON, Circuit Judges.

### MEMORANDUM **

Yongli Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

**JUN REN LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70862.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 28, 2008.

Patricia Vargas, Vargas & Associates, Alhambra, CA, for Petitioner.

Julia K. Evans, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

### MEMORANDUM **

Jun Ren Li, a native and citizen of China, petitions for review of the Board of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence. *See Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005). We grant the petition and remand.

Substantial evidence does not support the IJ's adverse credibility determination. *See Gui v. INS,* 280 F.3d 1217, 1228 (9th Cir.2002). Li's failure to mention his wife's forced abortion in his second asylum application is not a material omission or evidence of falsity, because Li's asylum application focuses on a different aspect of Li's experience in China. *See Chanchavac v. INS,* 207 F.3d 584, 588 (9th Cir.2000). Li produced certain corroborating documents, and his failure to produce additional hospital records does not support an adverse credibility finding. *See Gui,* 280 F.3d at 1227. Li described the founder and location of his church in China, and his failure to additionally name the sect is not a material omission going to the heart of his claim. *See Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000). Finally, Li's failure to bring a witness from his church in the United States does not support the adverse credibility finding where Li explained that he would feel ashamed to have the church members take time from their jobs to help him present evidence that he felt he could present himself. *See Chen v. Ashcroft,* 362 F.3d 611, 621 (9th Cir.2004) (stating that failure of brother to testify on applicant's behalf was not determinative because she provided a plausible explanation for his absence). We therefore grant the petition for review with respect to Li's withholding claim.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

In his opening brief, Li has failed to raise, and therefore has waived, any challenge to the IJ's determination that Li has not established eligibility for protection under CAT. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (stating that issues not supported by argument are deemed abandoned).

We deny Li's Motion for Judicial Notice.

Accordingly, we remand for the agency to consider whether, taking Li's testimony as true, he has shown eligibility for withholding of removal. *See generally INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED; REMANDED.**